IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MORRIS DEWAYNE GREEN,                    :
                                          :
            Petitioner,                   :
                                          :          CASE NO.  6 : 10-CV-90076 (HL)
                                          :              28 U.S.C. § 2255
                                          :          CASE NO.  6 : 02-CR-04 (WLS)[1]
                                          :
            VS.                           :
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
                                          :
            Respondent.                   :

---

# RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. §

2255, filed on April 9, 2010, is before this Court for preliminary consideration as required by

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Procedural History**

The Petitioner was indicted in this Court on March 7, 2002, on charges of carjacking with

intent to cause death or serious harm in violation of 18 U.S.C. § 2119(2) and 18 U.S.C. § 2, and

possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §

924(c)(1)(A)(iii).  (Doc.  1).   On June 7, 2002, the Petitioner entered into a Plea Agreement with

the Government and pled guilty to Count II of the Indictment, which charged him with the

possession of a firearm during a crime of violence.  (Docs.  15, 16).  Petitioner was sentenced to

---

[1]This case, originally designated as case number 6 : 02-CR-04, was re-assigned case
number 1 : 07-CR-48 upon the closing of this Court's Thomasville Division and the transfer
of the case to the Court's Albany Division.

twenty-five (25) years imprisonment on July 24, 2002.  (Docs.  20, 30).  The Court specifically

sentenced the Petitioner as follows:

> The Court commits you to the Bureau of Prisons for a period of 25
> years, to be served consecutively to the prison sentence you are
> currently serving under 4 : 01-CR-2-1-002.
>
> You are to immediately pay restitution in the amount of
> $134,089.97, jointly and severally with Codefendant Ernest Renard
> Glenn [sic] and Codefendant B.Y., a juvenile, as directed by Bureau
> of Prisons authorities, while incarcerated, and the U.S. Probation
> Office upon release.

(Doc.  30, Sentencing Hr'g Tr. 4:21 - 5:5  July 3, 2002.)


Petitioner filed his first Motion to Vacate, Set Aside, or Correct his Sentence pursuant to

28 U.S.C. § 2255 on March 13, 2006.  (Doc.  23).  Following an evidentiary hearing, the

Honorable G. Mallon Faircloth, United States Magistrate Judge, entered a recommendation,

dated August 15, 2006, that the Petitioner's  Motion to Vacate be denied, finding that the motion

was barred by the AEDPA statute of limitations.  (Doc.  37).  This recommendation was adopted

by the Honorable Clay D.  Land, United States District Judge, on October 2, 2006.  (Doc.  39).

The Petitioner appealed the District Court's denial of his motion for extension of time to file an

out-of-time notice of appeal to the Eleventh Circuit Court of Appeals, and the denial of the

motion for extension of time was affirmed on December 20, 2007.  (Doc.  60).  The United

States Supreme Court denied certiorari on May 19, 2008.  (Doc.  62).

On August 18, 2009, the Clerk of Court issued an Amended Judgment in this case,

amending that part of the Judgment pertaining to restitution, to clarify for newly implemented

Court accounting procedures the designation of  restitution payments.  (Doc. 65, p.7).  In the

Amended Judgment, the Clerk set out the names of those individuals, other than Petitioner, held

liable for restitution as "*B.Y., a juvenile, Case No. 6-02-cr-1-001 (CDL), $134,089.97 (all

victims as listed) and *Ernest Glynn, Case No. 6-02-cr-4-001 (CDL), $134, 089.97 (all victims

as listed)". *Id.[2]* In the Amended Judgment, the Clerk also listed the Petitioner's actual time to

be served as "300 months", rather than "300 months . . . to be served consecutively to the prison

sentence that Defendant is currently serving", as set out in the Original Judgment. *Id.* at p. 2;

Doc. 20 at p. 2).

The Petitioner filed the presently pending Motion to Vacate on April 9, 2010, wherein he

contends that he is challenging the aspects of his sentence that were amended by the Amended

Judgment. (Doc. 97, p.1). The Petitioner argues that the Amended Judgment affected

substantive changes in his sentence, rather than simply procedural corrections to the original

judgment, and that his pending Motion to Vacate should not be dismissed as successive. The

Petitioner argues that the corrections to the Original Judgment found in the Amended Judgment,

specifically the designation of persons liable for restitution and the designation of his sentence as

"300 months" without the additional information regarding the sentence as consecutive to a

Northern District of Florida judgment, renders a new sentence and judgment.

### Conclusions of Law

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28

U.S.C. § 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant in a §

---

[2]The original judgment erroneously listed the individuals liable for restitution, in
addition to Petitioner Green, as "B.Y., a juvenile . . . and Morris Dewayne Green". This
designation was corrected by the Clerk in the Amended Judgment to reflect the actual
sentence issued by the Court, to wit, joint and several liability shared by the Petitioner,
Morris Dewayne Green, *and* B.Y., a juvenile and Ernest Glynn, the Petitioner's co-
defendant. (Doc. 20, p.7; Doc. 65, p.7; Doc. 30, pp. 4, 5).

2255 proceeding must file an application with the appropriate Court of Appeals for an order

authorizing the District Court to consider a second or successive § 2255 motion.

> A second or successive motion must be certified as provided in
> section 2244 by a panel of the appropriate court of appeals to
> contain --
> (1) newly discovered evidence that, if proven and viewed in the light
> of the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that no reasonable factfinder would have
> found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was previously
> unavailable.

28 U.S.C. § 2255(h).

"Before presenting a second or successive motion, the moving party must obtain an order from

the appropriate court of appeals authorizing the district court to consider the motion, as required

by 28 U.S.C. § 2255." Rule 9 of the Rules Governing Section 2255 Proceedings for the United

States District Court. Without authorization from the Court of Appeals, the District Court lacks

jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d

1211, 1216 (11th Cir. 2003); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

The Petitioner's presently pending Motion to Vacate challenges the substance of

Petitioner's conviction and sentence, as he argues that he was wrongfully convicted under the

plea agreement. (Doc. 97, p.3). In this regard, the Petitioner is challenging the original

Judgment and his presently pending § 2255 motion represents a second or successive challenge

to his original criminal conviction. A § 2255 petition will be regarded as a "second" petition to

the extent that it challenges a defendant's original conviction and sentence. *In re Green*, 215

F.3d 1195, 1196 (11th Cir. 2000).

Additionally, the Amended Judgment herein did not create a new sentence that could be

challenged by the Petitioner in a new § 2255 petition. *cf. Magwood v. Patterson*, 130 S.Ct. 2788, 2802 (2010) ("where . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all"; habeas petition challenging new judgment, issued after a new sentencing hearing, was not successive). The Amended Judgment did not alter the Petitioner's sentence or conviction and did not result from any re-sentencing. The Amended Judgment bears the specific notation that "Changed Material Indicated by Asterisks '*'", and only the restitution information, as to the names of the two other individuals held liable with the Petitioner, was so identified in the body of the Amended Judgment. (Doc. 65, p.1). The Petitioner was not re-sentenced, no additional or new sentencing hearing was held, and there is no indication that the Petitioner's sentence was actually altered by the Amended Judgment. *cf. Magwood*, 130 S.Ct. at 2792 (state trial court conducted a new sentencing hearing, resulting in a new judgment); *Esposito v. United States*, 135 F.3d 111 (2nd Cir. 1997) (original sentence vacated as result of first § 2255 petition; second § 2255 petition challenged aspects of sentence amended by new judgment); *In Re Green*, 215 F.3d at 1995 (court held a re-sentencing hearing and entered an amended judgment, which was the subject of petitioner's second § 2255 motion).

The Court's original sentence, as handed down in the Sentencing Hearing held on July 3, 2002, thus remains undisturbed and in full force and effect. (Doc. 30). Petitioner's sentence of "25 years, to be served consecutively to the prison sentence [Petitioner was] currently serving under 4 : 01-CR-2-1-002 [from the Northern District of Florida]" and "restitution in the amount of $134,089.97, jointly and severally with . . . Ernest Renard Glenn [sic] and . . . B.Y., a juvenile" was not altered by the Amended Judgment. *Id.*; *see e.g.,United States v. Williams*, 2010 WL 457365 (M.D.Fl.) (Final Order of Forfeiture did not serve to amend Judgment and

5

Commitment Order as to Petitioner, whose interest in assets was determined by the Preliminary

Order; Court reserved ruling on motion for final order only for purposes of resolving third-party

rights and Preliminary Order was final as to Petitioner's rights).

Therefore, inasmuch as this § 2255 motion represents Petitioner's second challenge to his

underlying conviction and is not a challenge to any new judgment regarding Petitioner's

conviction or sentence, it is considered successive. *See United States v. George*, 188 Fed.Appx.

926 (11th Cir. 2006). Inasmuch as the Petitioner has failed to obtain proper authorization for

filing this successive petition, this Court is without authority to entertain this second or

successive challenge to Petitioner's conviction and sentence. Accordingly, it is the

recommendation of the undersigned that this § 2255 motion be **DISMISSED**. *United States v.*

*Terrell*, 141 Fed.Appx. 849, 852 (11th Cir. 2005) (when a person files a second or successive

motion to vacate without first obtaining appropriate authorization from the Court of Appeals, the

proper remedy is to dismiss the claims raised in the motion). Pursuant to 28 U.S.C. § 636(b)(1),

the parties may file written objections to this recommendation with the Honorable Hugh

Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with

a copy of this recommendation.

**SO RECOMMENDED**, this 13th day of December, 2010.


s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

asb