IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MORRIS DEWAYNE GREEN, :
:
    Petitioner, :
:
v. : CASE NO.: 1:07-cr-48 (WLS)
:
UNITED STATES OF AMERICA, :
:
    Respondent. :
_____:

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed December 13, 2010. (Doc. 101). It is recommended that Petitioner's 28 U.S.C. § 2255 motion be dismissed. (*Id.*) According to Judge Langstaff, Petitioner's § 2255 motion should be considered successive since it represents Petitioner's second challenge to his underlying conviction and is not a challenge to any new judgment regarding Petitioner's conviction or sentence. (*Id.* at 6). Thus, per Judge Langstaff, because Petitioner has failed to obtain the necessary authorization for filing a successive petition, the Court is without authority to entertain Petitioner's second or successive challenge to his conviction and sentence. (*Id.*)

A review of the docket indicates that no objections were filed within the fourteen-day period provided pursuant to 28 U.S.C. § 636(b)(1). The objection period expired on September 27, 2012. (*See* Doc. 102 at 6; Docket). The Court does note that, on December 30, 2010, the Government requested that the Court's ruling on Defendant Green's § 2255 motion be stayed, pending the Eleventh Circuit's ruling in the case *United States v. Green*, No. 09-14986, filed September 28, 2009. (Doc. 102). In his appeal, Defendant Green sought an order from the Eleventh Circuit declaring that the district court denied him due process by not providing him

1

with notice that the amended judgment was being entered and an opportunity to be heard prior to entry. On June 1, 2011, the Eleventh Circuit concluded that the amendments to the judgment were merely clerical or intended to conform the written judgment to the court's oral sentence, but nonetheless remanded the case for further corrections because the Court found that the amended judgment contained clerical errors as well.[1] (Doc. 108). Nevertheless, despite the remand, the Eleventh Circuit's conclusion that no substantive changes were effected by the amended judgment is consistent with Judge Langstaff's finding that the amended judgment did not create a new sentence that could be challenged by the Petitioner in a new § 2255 petition. (Doc. 101).

Therefore, in the absence of any objection from Petitioner, and upon full review and consideration upon the record, the Court finds that Judge Langstaff's December 13, 2010 Report and Recommendation (Doc. 101) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Petitioner's 28 U.S.C. § 2255 Motion is **DISMISSED**.

Petitioner may wish to appeal this Order. A prisoner, however, has no absolute entitlement to appeal a district court's denial of his application for habeas corpus relief. 28 U.S.C. § 2253(c)(1). Before he may appeal, the district court must first issue a Certificate of Appealability ("COA"). As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

The district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1). To merit a COA, the petitioner

---

[1] A "Second Amendment Judgment" was entered by this Court on July 1, 2011. (Doc. 110).

2

must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Petitioner has not made such a showing in this case.  Thus, the Court further **DENIES** Petitioner a certificate of appealability, as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *see also Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this   20th   day of November, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**